IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | CASE NO. 2:23-cr-223(3) |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| **JOSIAS VAZQUEZ-PINERO,** : | |
| : | |
| **Defendant.** : | |

## OPINION & ORDER

This matter comes before this Court on Defendant Josias Vazquez-Pinero's motion to revoke the detention order issued by Magistrate Judge Kimberly Jolson on November 25, 2024 ("Motion") (ECF Doc. 185). For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND

On November 7, 2023, a federal grand jury returned an indictment charging Defendant Josias Vazquez-Pinero and five others with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. (ECF No. 9). On November 16, 2023, Magistrate Judge Elizabeth Deavers held a detention hearing and ordered Defendant released on bond, under certain conditions, pending trial. (*See* ECF Nos. 42, 43). On July 18, 2024, Mr. Vazquez-Pinero entered a plea of guilty, pursuant to a Rule 11(c)(1)(A) plea agreement, to a lesser included offense of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii). (*See* ECF Nos. 113 & 137). This Court subsequently scheduled a sentencing hearing for January 17, 2025. (ECF No. 180).

On November 19, 2024, the U.S. Probation Office notified this Court that Mr. Vazquez-Pinero tested positive for illicit substances and failed to report to Pretrial Services as instructed by

his pretrial release order. As a result, on November 25, 2024, Magistrate Judge Kimberly Jolson revoked Defendant's bond and ordered him detained. (ECF No. 184). On December 7, 2024, Mr. Vazquez-Pinero filed a motion to revoke Judge Jolson's detention order ("Motion") (ECF No. 185). The Government opposed the Motion on December 12, 2024. (ECF No. 186). This matter is therefore ripe for resolution.

## II. LAW & ANALYSIS

The Bail Reform Act generally requires that a defendant found guilty of certain enumerated offenses "**_shall_**" be detained pending sentencing. 18 U.S.C. § 3143(a)(2) (emphasis added). One such offense, that triggers the mandatory detention provisions of Section 3143(a)(2), is a controlled substance offense punishable by more than ten years imprisonment.[1] Here, Mr. Vazquez-Pinero pled guilty to violating Section 841(b)(1)(B) of the Controlled Substances Act, which subjects him to a maximum term of imprisonment of forty (40) years—far exceeding the 10-year maximum term of imprisonment required by 18 U.S.C. 3143(a)(2). As such, the mandatory detention provisions of Section 3143(a)(2) apply.

A defendant may, however, overcome Section 3143(a)(2)'s presumption against release if—and only if—he satisfies two conditions. *See* 18 U.S.C. § 3143(a)(2)(A)–(B). First, there must be "a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2)(A)(i).[2] Second, the court must find "by clear and convincing evidence that the person

---

[1] *See* 18 U.S.C. § 3143(a)(2) (requiring that "a person who has been found guilty of an offense described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained"); *id.* § 3142(f)(1)(C) (describing one such offense as an "offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act . . . .").

[2] In lieu of this condition, the Government may "recommend[] that no sentence of imprisonment be imposed." 18 U.S.C. § 3143(a)(2)(A)(ii). That provision is inapplicable here, however, because Defendant faces a mandatory prison term of at least five years for conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 and 841(a)(1) and (b)(1)(B)(ii). Indeed, the Government's opposition makes clear that it does not intend to, nor can it, recommend that no sentence of imprisonment be imposed on Defendant. (ECF No. 186 at 2 & n.1).

2

is not likely to flee or pose a danger to any other person in the community." 18 U.S.C. § 3143(a)(2)(B).

With respect to the first condition, the Government correctly observes here that "Defendant has not identified any likelihood that a motion for acquittal or new trial will be granted." (ECF No. 186 at 3). Indeed, because Defendant pled guilty pursuant to a plea agreement, "the likelihood that a motion for acquittal or new trial will be granted for this defendant is slight." *See United States v. Berry*, No. 319CR065TAVDCP15, 2020 WL 4352742, at *2 (E.D. Tenn. July 29, 2020).

As to the second requirement, Defendant has not provided clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community. Defendant's Motion admits that "he did wrong on pretrial release" but "attributes his drug use to his depression engendered by the mother of his children cutting off his ability to speak with his minor children and have video visits." (ECF No. 185 at 1). And, while commendable, Mr. Vazquez-Pinero's representations—that he seeks release to "legitimately resolve many problems including debts, solving housing issues for his fiancee, and getting married on December 20, 2024"; that he "plans on attending drug treatment programming" until he is sentenced; and that he has a "standing offer of employment"—do not amount to the clear and convincing evidence required to overcome Section 3143(a)(2)'s presumption against release. *See United States v. Bowman*, 98 F.3d 1343 (6th Cir. 1996) (citing *United States v. Vance*, 851 F.2d 166, 170 (6th Cir. 1988)).

To the contrary, as the Government points out, "Defendant was provided the opportunity to remain released pending his sentencing hearing and failed to comply with the conditions placed . . . to ensure his appearance and the safety of the community." (ECF No. 186 at 3). But in addition to violating the conditions of his pretrial release, Mr. Vazquez-Pinero "appeared late for his show cause hearing, initially prompting a warrant for his arrest to be issued." (*Id*. at 3–4). According to

3

the Government, Defendant's release violations, "along with his inability to appear in a timely manner for his scheduled court hearing," weigh in favor of his continued detention. (*Id*. at 4).

This Court agrees. Because Mr. Vazquez-Pinero is subject to the mandatory detention provisions of 18 U.S.C. § 3143(a)(2) and has not satisfied the two conditions to overcome the presumption against release, Defendant's continued detention pending sentencing is proper. Accordingly, his Motion to Revoke the Detention Order (ECF No. 185) is **DENIED**.

### III. CONCLUSION

For the reasons stated above, this Court **DENIES** Defendant's Motion to Revoke the Detention Order (ECF No. 185).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:** January 13, 2025